**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**HI–LINE ELECTRIC COMPANY, Defendant.**

**Case No. 3:09–CV–1848–F.**

United States District Court, N.D. Texas, Dallas Division.

May 9, 2011.

Walter D. Willson, Robert H. Walker, Wells Marble & Hurst, PLLC, Jackson, MS, for Defendant Hi–Line Electric Company.

Robert A. Canino, Suzanne M. Anderson, for Plaintiff EEOC.

## ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART DEFENDANT'S MOTION TO DISMISS

ROYAL FURGESON, Senior District Judge.

BEFORE THE COURT is Defendant Hi–Line Electric Company's ("Hi–Line") Motion to Dismiss Claims for Individual Relief (Docket No. 44), filed March 29, 2011. Plaintiff Equal Employment Opportunity Commission ("the EEOC") filed a

Response (Docket No. 48) on April 5, 2011. Hi–Line filed a Reply on April 19, 2011 (Docket No. 49). Hi–Line seeks the Court to limit the EEOC's potential recovery in this case to injunctive relief, arguing that the EEOC lacks standing to obtain monetary relief. For the reasons stated below, Hi–Line's Motion to Dismiss is GRANTED IN PART AND DENIED WITHOUT PREJUDICE IN PART.[1]

## I. Factual and Procedural Background

The EEOC filed its Complaint against Hi–Line on September 30, 2009. The EEOC alleged that since September 2004, Hi–Line violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a), in its recruitment and hiring policies. The EEOC alleged that the policies that had the effect of excluding applicants over the age of 50 years from the position of Territory Manager. The EEOC requested relief including a permanent injunction regarding the alleged conduct, payment of back wages and other damages, and an order requiring the institution of policies, programs and practices to provide equal employment opportunities for applicants over the age of 50 years.

Earlier in this litigation, Hi–Line moved to dismiss all of the EEOC's claims for monetary relief on the grounds that the EEOC had not named any party plaintiff on behalf of whom it intended to recover. *See* Mot. to Dismiss, Docket No. 27. The Court denied this motion without prejudice and allowed the EEOC to amend its pleadings in accordance with the Court's Order of December 28, 2010 (Docket No. 33). The EEOC filed an Amended Complaint on January 25, 2011 (Docket No. 36), in which it listed eighteen individuals who were allegedly denied hiring opportunities because of their age. The EEOC did not, however, name these eighteen individuals as party plaintiffs.

Hi–Line subsequently filed the instant Motion to Dismiss, arguing that Plaintiff had failed to address the Court's concerns in its prior Order and that because these individuals were not named plaintiffs, the EEOC lacks standing to obtain monetary relief on their behalf. Accordingly, Hi–Line asks the Court to limit the scope of relief available to the EEOC to injunctive relief, and dismiss the EEOC's claims that seek monetary relief.

## II. Discussion

As an initial matter, the Court addresses Hi–Line's contention that the EEOC's Second Amended Complaint was filed without leave of the Court and without a proper accompanying motion. Contrary to Hi–Line's assertions to this point, the Court is of the opinion that the EEOC properly filed its Second Amended Complaint. The Court's Order of December 28, 2010 instructed that "the deadline to file a motion to join parties or amend pleadings is extended to February 1, 2011." Order, Docket No. 33, at 8. It is true at this stage that the EEOC may not amend its complaint on its own initiative; it must do so with leave of the Court "as justice so requires." Fed.R.Civ.P. 15(a)(2). However, because that Order extended the deadline to amend pleadings to February 1, 2011 and denied the previous Motion to Dismiss without prejudice while identifying the First Amended Complaint's defects, this Order permitted the EEOC to amend its pleadings. In any case, Rule 15(a) provides the Court with "virtually unlimited discretion" to allow amendments before entry of judgment. *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 550 (5th Cir.2009); *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir.2000). Here, Hi–

---

1. This resolves Docket No. 44.

Line has already filed a substantive objection to the Second Amended Complaint through the instant Motion to Dismiss. The Court is convinced that proceeding directly to the merits of the issue by addressing a Motion to Dismiss filed by Hi–Line as opposed to a motion for leave to amend its pleadings filed by the EEOC will not alter the Court's analysis or ultimate conclusion, and will not prejudice either party.

The Court now turns to the merits of instant Motion. Actions for relief under the ADEA are governed by 29 U.S.C. § 626, which reads in relevant part, "The provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section. Amounts owing to a person as a result of a violation of this chapter shall be deemed to be unpaid minimum wages or unpaid overtime compensation for purposes of sections 216 and 217 of this title...." Congress accordingly intended for actions under the ADEA, including EEOC enforcement actions, to be governed by the same procedural rules as those that govern the FLSA under the noted portions of 29 U.S.C. § 216 and 29 U.S.C. § 217, which constitute portions of the Fair Labor Standards Act ("FLSA"). These FLSA provisions empower the EEOC to enforce the statute, and provide direction for that agency's procedures attempting to obtain recovery in a representative action on behalf of aggrieved individuals.

Section 216(c) and Section 217 provide different guidelines for the EEOC's role in bringing enforcement actions. First, Section 216(c) provides,

> The Secretary may bring an action in any court of competent jurisdiction to recover the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages.... In determining when an action is commenced by the Secretary of Labor under this subsection for the purposes of the statutes of limitations provided in section 255(a) of this title, it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint, or if his name did not so appear, on the subsequent date on which his name is added as a party plaintiff in such action.

29 U.S.C. § 216(c). This Section "authorizes the Secretary to recover back wages as well as liquidated damages on behalf of those employees specifically named in a complaint." *Donovan v. University of Texas at El Paso*, 643 F.2d 1201, 1204 (5th Cir.1981). It also counsels courts about determining when the statute of limitations (which is defined in Section 255(a), the provision cited in Section 216(c)) is runs for the purpose of determining the amount of recovery or when such actions are time-barred.

■ Second, courts may allow the recovery of back wages under Section 217 unless those individuals are barred from recovering at the time of commencement of the action. "Section [217] ... allows the Secretary through the Courts to seek broad injunctive relief as well as back wages for all affected employees without any requirement that they be specifically named in the complaint." *Donovan*, 643 F.2d at 1204. Section 217 specifically provides,

> The district courts ... shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found

by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title).

29 U.S.C. § 217. Section 255, as mentioned above, refers to statutes of limitations under the FLSA.

■ After reviewing the amended pleadings, the Court is of the opinion that the EEOC should not be permitted to pursue monetary relief under Section 216(c) because it has not added any plaintiffs as named parties, as discussed by the Court in its previous Order. *See generally* Order, Docket No. 33, at 5–6. In that Order, the Court held "that any such plaintiffs must be named in the complaint if monetary relief is sought on their behalf under § 216(c)." Order, Docket No. 33, at 4. The Court further elaborated,

> In *Donovan*, [643 F.2d 1201], the Fifth Circuit stated,
>> Section 16(c) authorizes the Secretary to recover back wages as well as liquidated damages *on behalf of those employees specifically named in a complaint*. The filing of such a suit under this section terminates the rights of any employees to become party plaintiffs pursuant to a § 16(b) action. Section 17, on the other hand, allows the Secretary through the Courts to seek broad injunctive relief as well as back wages for all affected employees *without any requirement that they be specifically named in the complaint*.
> *Id.* [at 1204] (citations omitted) (emphasis added). Under *Donovan*, it is clear that the EEOC must specifically name parties in the complaint if it wishes to recover monetary relief on their behalf under § 216(c). The EEOC has not done so. Additionally, § 216(c) states,

> In determining when an action is commenced by the Secretary of Labor under this subsection for the purposes of the statutes of limitations provided in section 255(a) of this title, it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint, *or if his name did not so appear, on the subsequent date on which his name is added as a party plaintiff in such action.*

> 29 U.S.C. § 216(c) (emphasis added). Because a particular plaintiff's action is not considered commenced for statute of limitations purposes until that plaintiff is named in the complaint, it is unlikely that the EEOC may seek monetary relief on individuals' behalf without actually naming those individuals in its Complaint.

Order, Docket No. 33, at 4–5. The Court accordingly concluded, "Based on the plain language of [Section 216] and the Fifth Circuit's comments in *Donovan*, the Court finds that the EEOC must name plaintiffs in its complaint if it seeks monetary or make-whole relief on their behalf under § 216(c)." *Id.* at 6. The Court further provided that "it appears that *all individuals* for whom the EEOC seeks monetary relief *must be named plaintiffs.*" *Id.* at 5 n. 2 (first emphasis in original; second emphasis added).

In its Second Amended Complaint (Docket No. 36), the EEOC provided a list of eighteen individuals allegedly discriminated against by Hi–Line's hiring process. *See* 2d Am. Compl., Docket No. 36, at 1. However, none of these individuals were listed as party plaintiffs or named plaintiffs to the action, contrary to the requirements laid out by the Court in its Order of December 28, 2010 to seek monetary relief

on their behalf. As noted above, Section 216(c) reads, in relevant part,

> In determining when an action is commenced by the Secretary of Labor under this subsection for the purposes of the statutes of limitations provided in section 255(a) of this title, *it shall be considered to be commenced in the case of any individual claimant on the date when the complaint is filed if he is specifically named as a party plaintiff in the complaint, or if his name did not so appear, on the subsequent date on which his name is added as a party plaintiff in such action.*

29 U.S.C. § 216(c) (emphasis added). Section 216(c) therefore specifically provides that the recovery of monetary relief is conditioned on the individuals' claims being timely when the suit on their behalf is brought by the EEOC. Because the 18 individuals for whom the EEOC seeks monetary recovery have not been "specifically named as a party plaintiff in the complaint" and have not been "added as … party plaintiff[s]" in this action, the EEOC cannot seek payment of wages and compensation on behalf of these employees at this time under Section 216(c).

Section 217, however, does provide the EEOC with the ability to recover back pay without naming these individuals in the Complaint. "Section [217] … allows the Secretary through the Courts to seek broad injunctive relief as well as back wages for all affected employees without any requirement that they be specifically named in the complaint." *Donovan,* 643 F.2d at 1204. Therefore, an attempt to recover back pay under the ADEA's incorporation of Section 217 is permissible when the action is brought by the EEOC, even if the parties on whose behalf the EEOC seeks to recover are not named in the complaint or as party plaintiffs. Section 217 specifically provides,

> The district courts … shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering, at the time of commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title).

29 U.S.C. § 217.

Unlike Section 216(c), Section 217 makes reference to allowing claims for monetary relief to be brought "at the time of commencement of the action to restrain the violations." This indicates that monetary relief under Section 217 can be obtained as long as, on the date of the filing of the suit for injunctive relief, the claims of the employees for whom the EEOC is attempting to obtain relief are not barred by the relevant statute of limitations. The EEOC is not permitted under Section 217 to recover "sums which employees are barred from recovering, at the time of commencement of the action to restrain the violations, by virtue of" the statute of limitations. The Court does not possess sufficient information in the EEOC's pleadings to determine if the listed individuals were barred from recovering back pay at the time this lawsuit was filed on September 30, 2009. Therefore, as currently constructed, the Court cannot determine if the EEOC is entitled to seek monetary relief on behalf of these individuals, and shall require further information to make a final determination on this issue.

In sum, it is the opinion of the Court that the EEOC cannot pursue relief on behalf of the individuals listed in its plead-

ings under Section 216(c). The Court will therefore grant Hi–Line's Motion to Dismiss as to recovery for back wages and liquidated damages as provided under Section 216(c). *See Donovan*, 643 F.2d at 1204. However, there remains a question at this time as to whether the EEOC can pursue relief for back pay for violations of the ADEA under the incorporated provisions of 29 U.S.C. § 217. The Court shall therefore deny without prejudice Hi–Line's Motion to Dismiss as to relief sought under Section 217, and shall grant the EEOC the opportunity to amend its pleadings to address this specific deficiency. In an amended pleading, should the EEOC fail to show that the employees on whose behalf it is attempting to recover back pay under Section 217 could not have been brought "at the time of commencement of the action to restrain the violations," 29 U.S.C. § 217, the Court shall dismiss the EEOC's claims for backpay under that Section.

■ Finally, the Court takes note of Hi–Line's request that the EEOC not be granted a third opportunity to amend its complaint on several grounds.[2] This request is denied, Several months remain prior to the close of discovery and trial is not scheduled to take place until February 6, 2012. As the Court previously noted, "dismissal of a claim prior to review of the merits is not taken lightly by the Court." Order, Docket No. 33, at 7. In this case, despite the lengthy debate over the potential scope of the relief available, the Court is of the opinion that leave to amend is justified at this stage. Leave to amend one's pleadings should be freely given when justice so requires, Fed. R, Civ. P. 15(a)(2), and, as noted above, a district court is empowered with "virtually unlimited discretion" to allow amendments before the entry of judgment. *Vielma*, 218 F.3d at 468, Here, justice requires that the Court permit the EEOC to provide sufficient factual details so the Court can determine whether the EEOC can recover back pay on behalf of the eighteen individuals listed in its pleadings, or whether the EEOC cannot obtain monetary relief on their behalf because these individuals were barred from recovering "at the time of the commencement of the action to restrain the violations." 29 U.S.C. § 217.

### Conclusion

For the reasons stated above, Hi–Line's Motion to Dismiss is GRANTED IN PART AND DISMISSED WITHOUT PREJUDICE IN PART. As to the EEOC's claims for monetary relief as provided under Section 626(b)'s incorporation of Section 216(c)'s provision for monetary relief, Hi–Line's Motion to Dismiss is GRANTED. It is ORDERED that the EEOC's claims for monetary relief under Section 216(c) are DISMISSED WITH PREJUDICE. As to the EEOC's claims for recovery of back pay under Section 626(b)'s incorporation of Section 217, Hi–Line's Motion is DENIED WITHOUT PREJUDICE. It is ORDERED that the EEOC shall have the ability to file amended pleadings that address the deficiencies noted in this Order by **May 30, 2011.**

This Order shall have no impact on the EEOC's pursuit of injunctive relief as provided under Section 626(b)'s incorporation of Section 217.

IT IS SO ORDERED.

---

2. In its Response, the EEOC requested leave to amend if the Court did not deny Hi–Line's Motion to Dismiss, *See* EEOC's Resp., Docket No. 48, at 6.